UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. HRUSKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. _____ |
| | ) |
| WALTER R. BUCHANAN and | ) |
| POSEIDON VENTURES, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Chris Hruska, for his Complaint against Defendants Walter R. Buchanan and Poseidon Ventures, LLC (formerly known as Ion Inject Technology, LLC), states and alleges as follows:

## Parties

1. Plaintiff Christopher D. Hruska is an individual resident of Jackson County, Missouri.

2. Defendant Walter R. Buchanan is an individual resident of Kansas.

3. Defendant Poseidon Ventures, LLC (formerly known as Ion Inject Technology, LLC) is a Kansas limited liability company with its principal place of business in Kansas. It may be served with process via its Registered Agent, Walter R. Buchanan, at 19601 W. 100th St., Lenexa, Kansas, 66220.

## Jurisdiction, and Venue

4. This is an action for declaratory judgment to correct inventorship arising under the Declaratory Judgment Act (28 U.S.C. § 2201), and the United States Patent Laws including but not limited to Article 1 Section 8 of the United States Constitution and 35 U.S.C. § 1 et. seq.,

{00667602}

including §§ 116 and 256, together with Missouri state law claims over which the court has supplemental jurisdiction (28 U.S.C. § 1367(a)).

5. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (actions relating to patents), 1367 (supplemental jurisdiction), and 2201 (declaratory judgment) in that the controversy arises out of 35 U.S.C. §§ 116 and 256 or in that they form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because defendants are subject to this Court's personal jurisdiction.

## General Allegations

7. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

8. In December 2006, Plaintiff Hruska formed Eon Labs, LLC (a Wyoming limited liability company with its principal office in Blue Springs, Jackson County, Missouri) to pursue new applications for non-thermal plasma technology that he had used in the semiconductor industry.

9. Hruska left his director of engineering job with a different company in 2007, and Defendant Walter Buchanan and John Huedepohl joined Hruska in the Eon Labs venture, targeting a plasma process for ammonia production.

10. Hruska and Buchanan began working in fall of 2007 out of Hruska's basement, while Huedepohl contributed remotely.

11. In mid-2008, the group began seeing strong potential for success in the venture and started a limited search for outside investment. Those inquiries led the group to David Forsee, who joined Eon Labs as a member later in 2008.

12. In or around early 2012, the group's efforts pivoted toward a new technology—non-thermal plasma over liquid direct ion injection—which was believed to have potential lucrative application in the field of water treatment and more.

13. Over the first several years of Eon Labs' existence, the following patents were filed and issued ("Patents 1 & 2"):

| # | Title | Named Inventors | Filed | Appl. No. | Issued | Patent No. |
|---|---|---|---|---|---|---|
| 1 | Distributed Dielectric Barrier Discharge Reactor | Walter Buchanan, Chris Hruska | 6/5/09 | 12/479,500 | 9/1/15 | US 9,120,073 |
| 2 | Systems and Methods for Non-Thermal Plasma Over Liquid Direct Ion Injection | Chris Hruska, Walter Buchanan, David Forsee | 3/1/13 | 13/782,874 | 3/15/16 | US 9,287,800 |

14. Patent 2 contained two of Hruska's original designs: a single-stage radial flow type and a single-stage axial flow type.

15. In 2013, Hruska developed additional process technology for the single-stage design equipment and reported it to Buchanan and Forsee, his partners at Eon Labs. With his partners' encouragement, Hruska filed a provisional patent application involving process applications.

16. Then, without Hruska's knowledge, Defendant Buchanan applied for a continuation-in-part of Patent 2 using the new material Hruska supplied ("Patent 3").

17. Hruska's provisional patent application was allowed to lapse.

18. Defendant Buchanan later filed a fourth patent application, as a divisional of Patent 2, that focused on the driver or power supply to support the single-stage design ("Patent 4").

19. Patents 3-4 were filed and issued as follows:

| # | Title | Named Inventors | Filed | Appl. No. | Issued | Patent No. |
|---|---|---|---|---|---|---|
| 3 | Methods, Systems, and Reactors for Non-Thermal Plasma Over Liquid Direct Ion Injection[1] | Walter Buchanan, Chris Hruska, David Forsee | 2/24/14 | 14/187,497 | 7/19/16 | US 9,394,189 |
| 4 | Impedance Matching Circuit[2] | Walter Buchanan, David Forsee, Chris Hruska | 3/15/16 | 15/071,046 | 2/27/18 | US 9,906,118 |

20. The first set of patents ("Patents 1-4") involved a design featuring a single stage plasma flow as well as process technology and unique power supply technology.

21. During the development of this technology, Buchanan and Forsee wanted to go to market with the single-stage design. Hruska believed that while the single-stage design had merit, it would ultimately not be the design that went to market due to unresolved issues with the

---

[1] Patent 3 was filed as a continuation-in-part of Application No. 13/782,874, which became Patent No. 9,287,800 (Patent 2).
[2] Patent 4 was filed as a division of Application No. 13/782,874, which became Patent No. 9,287,800 (Patent 2).

{00667602}  4

design and opportunities to improve it. During 2013, Hruska introduced two-stage radial flow designs involving pre-ionization and presented those concepts to Buchanan and Forsee.

22. In April 2014, Plaintiff Hruska presented a new design concept to Buchanan and Forsee: an *annular* plasma venturi reactor. This device could be configured for single-or two-stage plasma discharge. Hruska believed that the single-stage design had serious shortcomings and that his two-stage and annular designs showed the most promise for improved performance and scale-up.

23. Hruska developed the two-stage design to increase the ion injection levels, which involved methods of "pre-ionization."

24. At a June 3, 2014 meeting of the Eon Labs partners, Hruska advised that he intended to pursue the new two-stage plasma reactor designs (as opposed to single stage devices).

25. In July 2014, Defendant Buchanan announced that he intended to "work from home," and then later, that he would proceed with the development and testing of the *radial* design.

26. Later in July 2014, Forsee requested Hruska's help in rebuilding the Radial eductor test units. Hruska did so and delivered to the lab the rebuilt radial eductor reactor components as well as troubleshoot issues Buchanan was having with the process.

27. On August 10, 2014, Hruska discovered that his partners, including Buchanan and Forsee, changed the locks at the Eon laboratory and declined to give him a key. This halted Hruska's development efforts.

28. During the ensuing weeks and months, Buchanan and Forsee refused Hruska's repeated requests for timely reports on Eon's activities, progress, and finances and continued to bar Hruska's access to the lab.

29. Thereafter, Buchanan worked toward dissolving Eon Labs and forming a new company by falsely claiming that Eon Labs was "shut down" and "has no personnel" rendering its intellectual property "worthless."

30. In November 2015, Defendant Buchanan formed a new company he called Ion Inject Technology, LLC (now known as Defendant Poseidon Ventures, LLC).

31. In October and December 2015, without Hruska's knowledge, Buchanan or his company Ion Inject Technology applied for at least three provisional patents related to the two-stage plasma radial flow design and other Hruska developments but failed to name Hruska as an inventor.[3]

32. Eon Labs, LLC was dissolved on December 18, 2015.

33. By way of the Eon Labs Agreement for Dissolution and Disposition of Assets (the "Eon Dissolution Agreement"), Eon Labs assigned to Buchanan Patents 2-4 relating to the single-stage radial and axial flow eductor reactor design.

34. The Eon Dissolution Agreement provided that Hruska would be paid certain royalties in the event that Buchanan or his affiliates, associates, or assignees generated profit based on Patents 2-4.

35. Additionally, the Eon Dissolution Agreement provided that Hruska was to be paid 10% of the assigned value of Patents 2-4 in the event that Buchanan or his affiliates, associates, or assignees sold or transferred Patents 2-4, to be paid at closing.

---

[3] See table associated with paragraph 36.

36. After Eon's dissolution, Buchanan or his company Ion Inject Technology, LLC (now known as Defendant Poseidon Ventures) filed the following patent applications relating to the two-stage radial flow eductor design, but failed to name Hruska as an inventor ("Patents 5-10"):

| # | Title | Named Inventors | Filed | Appl. No. | Issued | Patent No. |
|---|---|---|---|---|---|---|
| 5 | Quasi-Resonant Plasma Voltage Generator | Walter Buchanan, Grant Forsee | 10/7/16[4] | 15/287,887 | 1/22/19 | US 10,187,968 |
| 6 | Membrane Plasma Reactor | Walter Buchanan | 12/7/16[5] | 15/371,445 | 8/14/18 | US 10,046,300 |
| 7 | Plasma Reactor for Liquid and Gas | Walter Buchanan | 9/27/16[6] | 15/277,093 | 7/3/18 | US 10,010,854 |
| 8 | Plasma Reactor for Liquid and Gas and Method of Use[7] | Walter Buchanan, Grant Forsee | 7/3/18 | 16/027,005 | 1/5/21 | US 10,882,021 |
| 9 | Reactor for Liquid and Gas and Method of Use[8] | Walter Buchanan, Grant Forsee | 11/30/18 | 16/205,844 | 9/27/22 | US 11,452,982 |

---

[4] Provisional application filed Oct. 8, 2015, before Eon's dissolution, without Hruska's knowledge.
[5] Provisional application filed Dec. 9, 2015, before Eon's dissolution, without Hruska's knowledge.
[6] Provisional application filed Oct. 1, 2015, before Eon's dissolution, without Hruska's knowledge.
[7] Patent 8 was filed as a continuation-in-part of Patent 7.
[8] Patent 9 was filed as a continuation-in-part of Patents 8 and 7.

{00667602} 7

| 10 | System and Method for Formulating Medical Treatment Effluents[9] | Walter Buchanan, Grant Forsee | 2/22/21 | 17/181,766 | n/a | US 2021/0178355 pending |

37. The earliest date of issue for Patents 5-10 is July 3, 2018 (Patent 7).

38. On information and belief, two additional patents are pending or have been issued that relate to the two-stage radial plasma flow design ("Patents 11-12").

39. On information and belief, Patent 7 was initially rejected by the U.S. Patent Office over Patent 2, for which Plaintiff Hruska is a named inventor.

40. On information and belief, some or all of Patents 5-10 faced U.S. Patent Office actions rejecting the claims in light of Plaintiff Hruska's prior applications and patents.

41. Plaintiff Hruska should have been named as an inventor of Patents 5-12 because he made contributions to the conception of the subject matter of the claims in those patents—namely, the two-stage radial plasma flow design and the membrane plasma reactor.

42. In other words, Defendants simply took Hruska's inventive work and filed a new patent family (Patents 5-12) without naming Mr. Hruska as an inventor.

43. On information and belief, Defendant Buchanan or his affiliates, associates, or assignees generated profit based on Patents 2-4 exceeding the thresholds set out in the Eon Dissolution Agreement.

44. Defendants have failed and refused to pay Hruska the royalties and other payments due him under the Eon Dissolution Agreement.

---

[9] Patent 10 was filed as a continuation-in-part of Patents 9, 8, and 7.

45. On information and belief, on or about May 28, 2021, Defendant Poseidon Ventures (f/k/a Ion Inject Technology, LLC) sold Patents 1-12 to a corporate buyer for $10 million, plus potential deferred consideration up to an additional $12.5 million.

46. On information and belief, the terms of the sale required $3 million of the initial $10 million payment to be escrowed for five years "to cover Seller's [Defendants'] potential indemnity obligations."

47. Defendants Buchanan and/or Poseidon Ventures (f/k/a Ion Inject Technology, LLC) failed to name all inventors (namely, Plaintiff Hruska) when applying for Patents 5-12.

48. Despite Plaintiff's inventive efforts, Defendants have denied Plaintiff's patent rights in Patents 5-12. A controversy thus has arisen as to Plaintiff's status in Patents 5-12.

49. Defendant Poseidon Ventures sold patents to a corporate buyer that failed to name all inventors—namely, Plaintiff Chris Hruska.

**Count I – Declaratory Judgment**

50. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

51. The patent applications for Patents 5-12 contain claims related to two-stage radial flow plasma over liquid direct ion injection and include information necessary for patentability that originated, at least in part, from Plaintiff Hruska.

52. Plaintiff is an inventor of the subject technology as defined by 35 U.S.C. § 101.

53. Plaintiff is a citizen of the United States of America.

54. The failure to name Plaintiff as an inventor of the technology in Patents 5-12 damaged Plaintiff.

55. That failure can be corrected, in part, by this Court pursuant to 35 U.S.C. § 256.

56. This Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

57. A justiciable controversy exists, pursuant to 28 U.S.C. § 2201, regarding Plaintiff's rights with respect to Patents 5-12 because Defendants have denied Plaintiff's rights by refusing to recognize him as an inventor of the subject technology.

WHEREFORE, Plaintiff Chris Hruska respectfully requests the Court enter a declaratory judgment in his favor declaring that:

a) Plaintiff is an inventor of the technology disclosed in Patents 5-12 and directing Defendants to take all necessary steps to correct the inventorship disclosed in Patents 5-12 to include Plaintiff Chris Hruska; and

b) This is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Plaintiff to an award of his reasonable attorney fees, expenses, and costs of this litigation; and

c) Such other relief as the Court deems appropriate.

**Count II – Breach of Fiduciary Duty**

58. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

59. As members of Eon Labs, LLC, Walter Buchanan and Chris Hruska were in a fiduciary relationship from Eon's formation on December 26, 2006 until dissolution on December 18, 2015.

60. Defendant Buchanan breached the fiduciary duty he owed to Plaintiff Hruska by filing provisional patent applications based upon Plaintiff's inventive work, without his

knowledge and without naming him as an inventor, on October 1, 2015, October 8, 2015 and December 9, 2015, which were later issued as Patents 5-7.

61. This breach directly caused or contributed to cause Plaintiff Hruska to suffer harm by being excluded from the inventorship of Patents 5-7 and their continuations-in-part (Patents 8-10), including all privileges and rights associated with inventorship.

62. Ultimately, Plaintiff was damaged by exclusion from participation in the sale of Patents 5-12 to a corporate buyer on or about May 28, 2021 for the price of up to $22.5 million.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor in an amount to be determined at trial, plus interest, costs, attorney fees, and all other appropriate relief.

## Count III – Fraud

63. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

64. During the course of Plaintiff Hruska's inventive efforts, Defendant Buchanan communicated with Hruska in this judicial district regarding his inventions.

65. During the course of these communications, Buchanan elicited valuable information from Plaintiff Hruska regarding the results of his inventive efforts in this judicial district.

66. Defendant Buchanan used false and material misrepresentations beginning in summer 2014 to obtain Hruska's latest work on the two-stage radial flow design.

67. Plaintiff Hruska reasonably relied on Defendant's misrepresentations, believing that he intended to gather Hruska's inventive work for the mutual benefit of the partners of Eon Labs.

68. Instead, Buchanan intended to gather Hruska's latest inventive work on the two-stage radial flow design in order to incorporate that information into patent applications that excluded Hruska as an inventor and thus benefitted only Defendants.

69. Plaintiff Hruska would not have provided his inventive work to Buchanan had he known that Buchanan intended to prepare patent applications that excluded him and benefitted only Defendants.

70. Defendants knew that their sworn statements were false when they executed the oath pursuant to 35 U.S.C. § 115 by failing to declare Plaintiff Hruska as an inventor of the art disclosed in Patents 5-12.

71. To Plaintiff's prejudice, Defendants failed to disclose that the applications associated with Patents 5-12 copied and used information and materials derived from Plaintiff's inventive work.

72. To Plaintiff's prejudice, Defendants failed to disclose that the applications associated with Patents 5-12 did not recognize or acknowledge Plaintiff as the proper inventor.

73. Defendants had a duty to disclose these material facts to Plaintiff.

74. The falsity of Defendants' representations was not fully known by Plaintiff until after Defendants' sale of Patents 1-12 to a corporate buyer on or about May 28, 2021.

75. These acts and omissions were done knowingly and the misrepresentations were made with knowledge of falsity. Defendants intentionally concealed from Plaintiff, in this judicial district, that Defendants intended to file patent applications that utilized information and material from Plaintiff without acknowledging him as an inventor.

76. Defendants monetized their fraudulent conduct when they improperly sold Patents 1-12 to a corporate buyer on or about May 28, 2021 for the price of up to $22.5 million.

77. As a result of Defendants' acts, omissions, and misrepresentations in this judicial district, Plaintiff has been prejudiced and damaged in an amount to be ascertained at trial.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor in an amount to be determined at trial, plus interest, costs, attorney fees, and all other appropriate relief.

### Count IV – Unjust Enrichment

78. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

79. Defendants were enriched by receipt of a benefit: namely, Plaintiff's inventive work with respect to the two-stage radial plasma flow design and associated process and membrane technology, which Defendants fraudulently patented to the exclusion of Plaintiff and later monetized via sale to a corporate buyer for up to $22.5 million.

80. Defendants' enrichment was at the expense of Plaintiff.

81. It would be unjust to allow Defendants to retain the benefit.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor in an amount to be determined at trial, plus interest, costs, attorney fees, and all other appropriate relief.

### Count V – Conversion

82. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

83. Without authorization, Defendants assumed possession of Plaintiff's inventive work with respect to two-stage radial plasma flow technology with the intent to exercise control over it to the exclusion of Plaintiff's rights.

84. Defendants ultimately monetized Plaintiff's converted property when they improperly sold Patents 1-12 to a corporate buyer on or about May 28, 2021 for the price of up to $22.5 million.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor in an amount to be determined at trial, plus interest, costs, attorney fees, and all other appropriate relief.

## Count VI – Equitable Rescission

85. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

86. On information and belief, Defendant Buchanan assigned the full rights and interests in Patents 5-12 to Ion Technology, LLC (now known as Defendant Poseidon Ventures, LLC).

87. On information and belief, Defendant Buchanan made material misrepresentations when executing a sworn oath or declaration pursuant to 35 U.S.C. § 115 stating that he was, or he and Grant William Forsee were, the sole true inventors of the subject matter claimed in Patents 5-12.

88. On information and belief, these misrepresentations were made with the intention that the Commissioner of the Patent Office would rely upon Defendant Buchanan's sworn declarations to determine that he was, or he and Grant William Forsee were, the sole inventors of the patent applications.

89. An assignment of a patent may be granted to the assignee of the inventor of record upon a sworn statement by the inventor pursuant to 35 U.S.C. § 261.

90. Because Plaintiff is the true inventor of Patents 5-12, Defendant Buchanan lacked the authority to assign Patents 5-12 to Ion Inject Technology, LLC (now known as Defendant Poseidon Ventures, LLC).

91. The assignments were contrary to the patent laws of the United States.

WHEREFORE, Plaintiff respectfully requests the Court to exercise its equitable power to rescind the assignment of Patents 5-12 to Ion Inject Technology, LLC (now known as Defendant Poseidon Ventures, LLC), and for whatever other relief the Court deems appropriate.

**Count VII – Misappropriation of Trade Secrets (R.S.Mo. § 417.450 *et seq*.)**

92. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

93. During the course of Plaintiff Hruska's inventive efforts, Defendant Buchanan and Forsee communicated with Hruska in this judicial district regarding his inventions.

94. Defendants elicited valuable technical information regarding the results of Plaintiff's inventive efforts, which information derived independent economic value from not being generally known to or ascertainable by others.

95. Defendants used false and material misrepresentations in summer 2014 to obtain Hruska's latest work on the two-stage radial flow design in order to incorporate that information into patent applications that excluded Hruska as an inventor and thus benefitted only Defendants.

96. Plaintiff took reasonable steps to maintain the secrecy of the inventive information, sharing it with only his partners, Buchanan and Forsee, believing that Defendants intended to gather Hruska's inventive work for the mutual benefit of the partners of Eon Labs.

97. Plaintiff's information provided a valuable benefit to Defendants who prepared and filed patent applications excluding Hruska as inventor.

98. The misappropriation of the trade secrets had a material and prejudicial impact on Plaintiff in that he was prevented from filing a patent application with a filing date prior to Patents 5-12 and the inability to participate in the May 28, 2021 sale of that intellectual property to a corporate buyer for up to $22.5 million.

99. As a result of Defendants' acts, omissions, and misrepresentations in this judicial district, Plaintiff has been prejudiced and damaged in an amount to be ascertained at trial.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor in an amount to be determined at trial, plus punitive damages, interest, costs, attorney fees, and all other appropriate relief.

**Count VIII – Breach of Contract**

100. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

101. Plaintiff Hruska, Defendant Buchanan, and David Forsee entered into the Eon Dissolution Agreement on December 18, 2015.

102. As part of the Eon Dissolution Agreement, Hruska agreed to assign certain rights in Patents 2-4 to Defendant Buchanan and any affiliates, associates, and assignees.

103. On information and belief, Defendant Buchanan later assigned Patents 2-4 to Ion Inject Technology, LLC (now known as Defendant Poseidon Ventures, LLC).

104. Hruska performed all obligations required by the Eon Dissolution Agreement.

105. The Eon Dissolution Agreement provided that Hruska would be paid certain royalties in the event that Buchanan or his affiliates, associates, or assignees generated profit based on Patents 2-4.

106. On information and belief, Defendant Buchanan or his affiliates, associates, or assignees generated profit based on Patents 2-4 exceeding the thresholds set out in the Eon Dissolution Agreement.

107. Plaintiff Hruska is owed at least $59,128 in royalties, which amount Defendants have failed and refused to pay in breach of the Eon Dissolution Agreement.

108. Additionally, the Eon Dissolution Agreement provided that Hruska was to be paid 10% of the assigned value of Patents 2-4 in the event that Buchanan or his affiliates, associates, or assignees sold or transferred Patents 2-4, to be paid at closing.

109. Defendants have failed and refused to pay Hruska 10% of the assigned value of Patents 2-4 since the closing of the sale of those patents to a corporate buyer on or about May 28, 2021.

110. Plaintiff Hruska has thus suffered damages as a result of Defendants' breach.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor in an amount to be determined at trial, plus interest, costs, attorney fees, and all other appropriate relief.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted:

*/s/ Michael T. Crabb*
Michael T. Crabb        MO #62241
Jennifer H. Salva        MO #73184
KUCKELMAN TORLINE KIRKLAND, LLC
10740 Nall Avenue, Suite 250
Overland Park, KS 66211
(913) 948-8610 (ph) | (913) 948-8611 (fax)
mcrabb@ktk-law.com
jsalva@ktk-law.com
*Attorneys for Plaintiff Christopher D. Hruska*